BARBER v. BARBER *et al.*

1. **Marriage**: INSANITY OF HUSBAND : NOTICE TO WIFE : PRIOR
APPOINTMENT OF GUARDIAN : COMPENSATION TO WIFE. Where a
woman had been acquainted with and engaged to a man for some
years, and had known of his doing business and managing large
property interests, and supposed him to be of sound mind up to
the time of their marriage, *held* that her knowledge that a nephew
was opposing the marriage was *no notice to her that he was insane ;*
nor did the fact that the nephew had a few days before made
application to the circuit court of the county for the appointment
of a guardian for such person, and had himself been appointed
temporary guardian, charge her with knowledge of his insanity,
in the absence of actual knowledge of such facts ; but that, the
marriage being afterwards declared a nullity on account of his
insanity, she was entitled to compensation, under section 2236 of
the Code, as one who had entered into the contract in good faith,
in ignorance of the insanity.

2. ———— : ———— : DISSOLUTION : COMPENSATION. Where a marriage
was decreed to be a nullity on account of the insanity of the hus-
band at the time of the contract, and it appeared that the wife
was in good health when married, but that she had lost her health
on account of the deprivations suffered by her while living with
her husband, and it further appeared that he was worth about
fifteen thousand dollars at the time the marriage was annulled by
the decree, *held* that an allowance to her of thirty-five hundred
dollars was fair compensation, under section 2236 of the Code.

*Appeal from Bremer District Court.*—Hon. G. W. Ruddick, Judge.

Filed, March 12, 1888.

Plaintiff alleges that she was married to defendant Maxfield Barber on the fourth day of November, 1881; that he refuses to support, and has deserted her; that in consequence of his cruel treatment she has become an invalid; that she is sick, penniless, and unable to support herself. She further alleges that the validity of the marriage is questioned by defendants, and asks that its validity be determined, and, if found valid, that she be allowed separate maintenance and permanent alimony; and if found to be invalid, that she be adjudged to have entered into it in good faith, and that she be given judgment for fifteen thousand dollars. Defendants admit the alleged marriage, but aver that at the time it took place Maxfield Barber was of unsound mind, and incapable of making a marriage contract; that defendant W. W. Barber was at that time the guardian of his property; and that plaintiff had full notice and knowledge of said facts at the time of the alleged marriage. The district court decreed that the marriage was void because of the insanity of defendant Maxfield Barber; that plaintiff entered into the marriage in good faith, and without knowledge of said insanity; and awarded her as compensation the sum of thirty-five hundred dollars. Defendants appeal from so much of the decree as found that plaintiff entered into the marriage in good faith, and awarded her the sum aforesaid, and were first to give notice of appeal. Plaintiff appeals from so much of the judgment as fixed the amount of her recovery at thirty-five hundred dollars.

*Gibson & Dawson*, for appellants.

*M. E. Billings* and *W. L. Eaton*, for appellee.

ROBINSON, J.—I. Appellants insist that appellee did not become a party to the marriage contract in good

1. MARRIAGE: insanity of husband: notice to wife : prior appointment of guardian : compensation to wife.

faith, and therefore that she is not entitled to any compensation by virtue of section 2236 of the Code. This is as follows : "In case either party entered into the contract of marriage in good faith, supposing the other to be capable of contracting, and the marriage is declared a nullity, such fact shall be entered in the decree, and the court may decree such innocent party compensation, as in cases of .divorce." The defendant W. W. Barber is a nephew of defendant Maxfield Barber, and on the thirty-first day of October, 1881, filed an application in the circuit court of Bremer county, asking that his uncle be adjudged to be a person of unsound mind, and asking the appointment of a guardian of his property. The nephew was appointed temporary guardian of. such property on the day his application was filed, and his appointment was made a matter of record. On the first hearing of the application, which was had on the seventh day of February, 1882, the uncle was adjudged to be of unsound mind, and the nephew was appointed permanent guardian of his property. The uncle did not appear at the final hearing. Considerable evidence is submitted on the question of the sanity of Maxfield Barber at the date of the marriage, and for a considerable time both prior and subsequent thereto. A number of witnesses, who appear to be intelligent, and well acquainted with him, testify that they never saw any indication of mental unsoundness. Some of them had done business with him frequently. It is shown that he has been engaged in doing business for himself, and in his own name, in a distant state, during most or all the time that his nephew has acted as guardian of his property, and that the nephew has sent to him money to be used and invested by him. He is a man of property, and was engaged in managing it for some years prior to the marriage ; and no actual notice of the alleged mental

unsoundness is shown to have been given to plaintiff at any time prior to that event.    We think the decree of the district court in finding that she entered into the marriage in good faith is abundantly sustained by the evidence.  But it is said that the application of W. W. Barber and his appointment as temporary guardian were of record at the date of the marriage, and the plaintiff was chargeable with notice of their tenor and effect, and of the facts which they indicated.    We do not think that constructive notice has anything to do with the question of the good faith of appellee.  If she had no knowledge of any fact which would naturally cause a doubt to arise in her mind as to the sanity or capacity to contract of Maxfield Barber, and in fact supposed that he was capable of contracting, then she entered into the contract in good faith, and is an innocent party entitled to compensation.  Every person who has attained his majority is presumed to have legal capacity to enter into a contract, until the contrary is shown ; therefore it was not the duty of plaintiff to examine the county records, and she is not chargeable with negligence for not having done so.    It is claimed by appellants that appellee had actual notice of facts which should have caused her to make inquiries which would have disclosed the alleged insanity of Maxfield Barber, and that because she neglected to make such inquiries she was negligent, and is chargeable with knowledge of his insanity.    It seems that the wedding was arranged to take place at Waverly, but when the appointed day arrived the plaintiff was told by Maxfield that they could not get married there, because his nephew was making trouble, or words to that effect. They then went to Manchester, where they were married the next day.   It is not shown that plaintiff was informed of the nature of the trouble the nephew was making.   It appears that he had been induced to move from Ohio to Iowa by the uncle, and had been led to believe that he would have his uncle's property in time. At the date of the marriage the uncle was about sixty-three years of age.   Under such circumstances it would

not have been unnatural for the nephew to oppose the marriage for reasons personal to himself. Plaintiff had known Maxfield, and had been engaged to marry him, for years. She had known of his doing business and managing large property interests during that time, and supposed him to be of sound mind. We do not think that under these circumstances the fact that the nephew was opposing the marriage was any notice to her that her intended husband was insane.

II. All parties to the action complain of the compensation allowed by the district court. It is insisted 2. —: —: on the part of appellee that Maxfield has dissolution: great wealth; that her health has been per- compensa- tion. manently injured by his miserly and cruel conduct; and that she is justly entitled to a liberal compensation. On the other hand, it is claimed that she lived with him but about two years, and contributed nothing to his property, and therefore that she is entitled to but a small allowance. The evidence shows that when the marriage took place plaintiff was in excellent health; that, after a short residence in Iowa, she and Maxfield went to Missouri and Arkansas, where they lived as husband and wife for about two years; that during this time she was compelled to live in a tent or hut or a poorly-constructed house, without any of the comforts, and with but few of what are regarded as the necessaries, of life; and that while enduring this treatment her health became greatly impaired. The amount of property owned by Maxfield is not clearly shown, but we do not think it is shown to be much in excess of fifteen thousand dollars. Assuming that to be about the true amount, we are of opinion that the amount of compensation awarded by the district court is about what the appellee is entitled to receive.

The case is, as to both appeals,

AFFIRMED.